# EXHIBIT A

1   THOMAS J. MORAN, Bar No. 278940
    thomas.moran@fedex.com
2   FEDERAL EXPRESS CORPORATION
    2601 Main Street, Suite 340
3   Irvine, California 92614
    Telephone:  949.862.4625
4   Facsimile:   901.492.5641

5   Attorney for Defendant
    FEDERAL EXPRESS CORPORATION
6

7

8               **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JAMES N. MACK, JR., an          | **Case No.**
    individual,
12                                  | (Los Angeles County Superior Court Case
                  Plaintiff,        | No. 20STCV47025)
13       v.
                                    | **DECLARATION OF THOMAS J.**
14  FEDERAL EXPRESS                 | **MORAN IN SUPPORT OF NOTICE**
    CORPORATION d/b/a FEDEX         | **OF REMOVAL OF CIVIL ACTION**
15  EXPRESS, a Delaware Corporation;| **UNDER 28 U.S.C. §§ 1332, 1441 AND**
    and DOES 1 through 20, inclusive,| **1446**
16
                  Defendants.       | **[DIVERSITY JURISDICTION]**
17
                                    | Complaint Filed:  December 9, 2020
18                                  | Trial Date:       Not yet set

19

20

21

22

23

24

25

26

27

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453391                          1                          Case No.
DECLARATION OF THOMAS J. MORAN IN SUPPORT OF NOTICE OF REMOVAL

## DECLARATION OF THOMAS J. MORAN

I, Thomas J. Moran, hereby declare and state as follows:

1.      I am an attorney in good standing, licensed to practice law before this Court and all other courts, both state and federal, in the State of California. I am an in-house attorney for Federal Express Corporation and the attorney assigned to defend Federal Express Corporation ("Defendant" or "FedEx") in this matter. I have knowledge of the facts contained herein, and if called and sworn as a witness herein, I could and would testify competently thereto. I make this declaration in support of FedEx's Notice of Removal of Civil Action.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint filed by Plaintiff James N. Mack, Jr. ("Plaintiff") on December 9, 2020, against Federal Express Corporation, entitled *JAMES N. MACK, JR. v. FEDERAL EXPRESS CORPORATION d/b/a FEDEX EXPRESS, a Delaware Corporation; and DOES 1 through 20,* in Los Angeles County Superior Court, Case No. 20STCV47025 ("Complaint" or "State Court Action").

3.      On January 25, 2021, Plaintiff served the Summons and Complaint on Defendant's agent for service of process, CT Corporation, along with copies of the Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, First Amended General Order, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution (ADR) Information Package, Notice of Case Assignment – Unlimited Civil Case. CT Corporation then forwarded these documents to Federal Express Corporation. True and correct copies of the Summons ("**Exhibit 2**"), Civil Case Cover Sheet ("**Exhibit 3**"), Civil Case Cover Sheet Addendum and Statement of Location ("**Exhibit 4**"), First Amended General Order ("**Exhibit 5**"), Voluntary Efficient Litigation Stipulations ("**Exhibit 6**"), Alternative Dispute Resolution (ADR) Information Package ("**Exhibit 7**"), and Notice of Case Assignment – Unlimited Civil Case ("**Exhibit 8**"), are attached hereto.

/ / /

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453391                               2                          Case No.
DECLARATION OF THOMAS J. MORAN IN SUPPORT OF NOTICE OF REMOVAL

4.      On February 18, 2021, Defendant answered Plaintiff's Complaint in the Los Angeles Superior Court. A true and correct copy of Defendant's Answer "**Exhibit 9**" is attached hereto.

5.      As of the date of this Removal, Defendant has not been served with any other documents in this matter aside from Plaintiff's Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, First Amended General Order, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution (ADR) Information Package, Notice of Case Assignment – Unlimited Civil Case. Pursuant to 28 U.S.C. § 1446(d), **Exhibits 1-9** attached hereto constitute all process, pleadings, and orders filed in this action

6.      As of February 24, 2021, no other parties, aside from FedEx, has been validly served with the Summons and Complaint in this matter.

I declare under penalty of perjury under the laws of the state of California and the laws of the United States that the foregoing is true and correct and that this declaration was executed by me this 24th day of February 2021, in Irvine, California.

*/s/Thomas J. Moran*
THOMAS J. MORAN

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453391

3

Case No.

DECLARATION OF THOMAS J. MORAN IN SUPPORT OF NOTICE OF REMOVAL

# EXHIBIT 1

20STCV47025

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Stern

Electronically FILED by Superior Court of California, County of Los Angeles on 12/09/2020 11:40 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
JAMES N. MACK, JR.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| JAMES N. MACK, JR., an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>FEDERAL EXPRESS CORPORATION d/b/a<br>FEDEX EXPRESS, a Delaware corporation;<br>and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No. 20STCV47025<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>4. **RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET. SEQ.;**<br><br>5. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>6. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>7. **FOR DECLARATORY JUDGMENT**<br><br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>9. **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);**<br><br>10. **FAILURE TO PROVIDE REST PERIODS (CAL. LABOR CODE §§226.7;** |

-1-

COMPLAINT FOR DAMAGES

**11. FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**

**12. WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203); AND**

**13. UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.);**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, **JAMES N. MACK, JR.,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.      Plaintiff, **JAMES N. MACK, JR.,** is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant **FEDERAL EXPRESS CORPORATION D/B/A FEDEX EXPRESS** (hereinafter referred to as "Employer") was and is a Delaware corporation doing business at 5927 Imperial Highway, in the City of Los Angeles, in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a private package delivery company.

5.      At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d),

-2-

COMPLAINT FOR DAMAGES

1  12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more

2  persons and are therefore subject to the jurisdiction of this Court.

3       6.    At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employers, joint

4  employers and/or special employers within the meaning of the Labor Code and Industrial Welfare

5  Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an

6  employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

7       7.    The true names and capacities, whether individual, corporate, associate, or otherwise, of

8  the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore

9  said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this complaint to

10  insert the true names and capacities of said Defendants when the same become known to Plaintiff.

11  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named

12  Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged

13  hereinafter.

14       8.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

15  hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

16  coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the

17  other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part

18  within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,

19  successor status and/or joint venture and with the permission and consent of each of the other Defendants.

20       9.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each

21  of them, including those defendants named as DOES 1-20, acted in concert with one another to commit

22  the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the

23  wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code

24  §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and

25  each of them, including those defendants named as DOES 1-20, and each of them, formed and executed

26  a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein,

27  with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and

28  actually causing Plaintiff harm.

---

10.   Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

11.   Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

12.   Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employer and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

13.   Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employer and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.   Employer is completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.   Employer and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.   Employer and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.   Employer does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

-4-

e.     The business affairs of Employer and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employer is, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.   The corporate existence of Employer and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

14.     Accordingly, Employer constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

15.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employer and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employer and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

16.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employer and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employer and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employer and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employer and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employer and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

-5-

COMPLAINT FOR DAMAGES

**FACTUAL ALLEGATIONS**

17.     On or about June 19, 2017, Employers hired Plaintiff to work as a package handler. Plaintiff is a non-exempt employee and performed Plaintiff's job duties satisfactorily until Employer wrongfully terminated Plaintiff on or about July 17, 2020.

18.     At the time of termination, Plaintiff was 48 years old.

19.     Between June 19, 2017 and September 24, 2019, Plaintiff's hourly wage rate was between $14.50 to $15.40.  During this time period, Plaintiff's fixed schedule was five days per week, Monday through Friday, for approximately 7 to 8 hours per day.

20.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof.

21.     On or about June 12, 2019, Plaintiff learned of a diabetic infection in his feet which resulted in multiple toes being amputated.  The condition and subsequent injuries limited Plaintiff's ability to perform the major life activities of working and walking, thus constituting a disability. Immediately thereafter, Plaintiff was placed on temporary medical leave of which he informed Defendants.

22.     Plaintiff returned to work on or about September 16, 2019.  Unfortunately, after approximately one week, Plaintiff suffered another diabetic infection to his feet. This infection impaired Plaintiff's major life activities of walking and working, thus constituting a disability.  On or about September 24, 2019, Plaintiff obtained medical attention for his infection and was again placed on medical leave, of which he notified Defendants.  Throughout his medical leave, Plaintiff routinely kept Defendants appraised of work medical status.

23.     In or around June 2020, instead of engaging in a good faith interactive process with Plaintiff to determine what accommodations were available to him, Defendants instead informed Plaintiff that he must independently find another position within the company.  If Plaintiff did not find another position, then Defendants would terminate him.

24.     On or about July 1, 2020, Plaintiff applied and interviewed for several other positions that Plaintiff was qualified for.  However, Defendants refused to offer any of these positions to Plaintiff.  By

-6-

failing to hire Plaintiff in any capacity, Defendants forced Plaintiff on an extended leave of absence when the positions Plaintiff applied for would have accommodated his disability.

25. On or about July 17, 2020, Defendants wrongfully terminated Plaintiff.

26. Defendants discriminated and retaliated against Plaintiff by failing and refusing to hire Plaintiff in a different capacity in order to accommodate Plaintiff's disability and terminating Plaintiff's employment.

27. At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

28. At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

29. Plaintiff's termination was substantially motivated by Plaintiff's age, disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

30. Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

31. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression,

1  headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological
2  counseling and treatment, and past and future lost wages and benefits.

3      32.   As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,
4  commissions, benefits and loss or diminution of earning capacity.

5      33.   Plaintiff claims general damages for emotional and mental distress and aggravation in a
6  sum in excess of the jurisdictional minimum of this Court.

7      34.   Because the acts taken toward Plaintiff were carried out by officers, directors and/or
8  managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard
9  of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages
10  be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this
11  Court.

12

13              **FIRST CAUSE OF ACTION**

14  **FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

15                **AGAINST ALL DEFENDANTS**

16      35.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as
17  though set forth in full herein.

18      36.   At all times hereto, the FEHA was in full force and effect and was binding upon
19  Defendants and each of them.

20      37.   As such term is used under FEHA, "on the bases enumerated in this part" means or refers
21  to discrimination on the bases of one or more of the protected characteristics under FEHA.

22      38.   FEHA requires Defendants to refrain from discriminating against an employee on the
23  basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination on the
24  basis of age, disability and/or medical condition, real or perceived, use of medical leave, and engagement
25  in protected activities from occurring.

26      39.   Plaintiff was a member of multiple protected classes as a result of Plaintiff's age,
27  disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or
28  medical condition.

-8-

COMPLAINT FOR DAMAGES

40.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

41.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

42.     Plaintiff is informed and believes that Plaintiff's age, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

43.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

44.     The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated by reference.

45.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

46.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION
## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

47.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as though set forth in full herein.

-9-
COMPLAINT FOR DAMAGES

48.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

49.     These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

50.     Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's age, disability, medical condition, real or perceived, and use of medical leave.

51.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

52.     Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

53.     Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

54.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

55.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

56.     The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated by reference.

57.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

-10-
COMPLAINT FOR DAMAGES

1  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

2  such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

3  punitive damages in an amount appropriate to punish or make an example of Defendants.

4        58.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

5  attorneys' fees and costs, including expert fees pursuant to the FEHA.

6

7  **THIRD CAUSE OF ACTION**

8  **FAILURE TO PREVENT DISCRIMINATION, AND RETALIATION**

9  **IN VIOLATION OF GOV'T CODE §12940(k)**

10  **AGAINST ALL DEFENDANTS**

11        59.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as

12  though set forth in full herein.

13        60.    At all times hereto, the FEHA, including in particular Government Code §12940(k), was

14  in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants

15  to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  As alleged

16  above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps

17  necessary to prevent discrimination and retaliation from occurring.

18        61.    The above said acts of Defendants constitute violations of the FEHA and were a proximate

19  cause in Plaintiff's damage as stated below.

20        62.    The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated

21  by reference.

22        63.    The foregoing conduct of Defendants individually, or by and through their officers,

23  directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was

24  despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

25  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

26  such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

27  punitive damages in an amount appropriate to punish or make an example of Defendants.

28

64.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION

### FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.

### AGAINST ALL DEFENDANTS

65.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as though set forth in full herein.

66.     At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendants and each of them. Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's own serious medical condition. Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA. Under the CFRA, it is also an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

67.     At all times hereto, Plaintiff was an employee eligible for CFRA leave. At all times hereto, Plaintiff had been employed by Defendants for more than 12 months and had worked at least 1250 hours during the previous 12 months. Further, Defendants employed at least 50 employees within 75 miles of the worksite at which Plaintiff worked.

68.     Defendants violated the CFRA by failing and/or refusing to provide Plaintiff with the family care and medical leave that Plaintiff requested.

69.     Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

-12-

70.   Defendants violated the CFRA by interfering with or restraining Plaintiff from exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA, by failing to give Plaintiff notice of Plaintiff's rights under the CFRA, including the right to take protected leave.

71.   Plaintiff suffered the adverse employment actions of unlawful discrimination and termination.

72.   Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

73.   The above said acts of Defendants constitute violations of the CFRA and were a proximate cause in Plaintiff's damage as stated below.

74.   The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated by reference.

75.   The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

76.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FIFTH CAUSE OF ACTION
### FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.
### AGAINST ALL DEFENDANTS

77.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as though set forth in full herein.

-13-

78.    At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

79.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

80.    At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability, real or perceived, or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

81.    The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

82.    The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated by reference.

83.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

-14-
COMPLAINT FOR DAMAGES

84.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION

### FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

85.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as though set forth in full herein.

86.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

87.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

88.     Plaintiff reported the disability to Defendants, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

89.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

-15-

1       90.     The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated

2  by reference.

3       91.     The foregoing conduct of Defendants individually, and/or by and through their officers,

4  directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was

5  despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

6  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

7  such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

8  punitive damages in an amount appropriate to punish or make an example of Defendants.

9       92.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

10  attorneys' fees and costs, including expert fees pursuant to the FEHA.

### SEVENTH CAUSE OF ACTION

### FOR DECLARATORY JUDGMENT

### AGAINST ALL DEFENDANTS

93.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 92, inclusive, as

though set forth in full herein.

94.     Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

-16-

COMPLAINT FOR DAMAGES

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

95. Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

96. Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

97. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's age, medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

98. Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's age, perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of

-17-

1  these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to

2  the aforementioned adverse employment actions.

3        99.    A judicial declaration is necessary and appropriate at this time under the circumstances in

4  order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity

5  with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to

6  condemn such discriminatory employment policies or practices prospectively.  *Harris v. City of Santa*

7  *Monica* (2013) 56 Cal.4th 203.

8        100.    A judicial declaration is necessary and appropriate at this time such that Defendants may

9  also be aware of their obligations under the law to not engage in discriminatory practices and to not

10  violate the law in the future.

11        101.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein,

12  may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the

13  court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys'

14  fees and costs, including expert witness fees."  Such fees and costs expended by an aggrieved party may

15  be awarded for the purpose of redressing, preventing, or deterring discrimination.

16

17  **EIGHTH CAUSE OF ACTION**

18  **FOR WRONGFUL TERMINATION**

19  **IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**

20  **AGAINST ALL DEFENDANTS**

21        102.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as

22  though set forth in full herein.

23        103.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect

24  and was binding on Defendants.  This law requires Defendants to refrain, among other things, from

25  discriminating against any employee on the basis of age, disability, medical condition, real or perceived,

26  and use of medical leave, and from retaliating against any employee who engages in protected activity.

27        104.    At all times mentioned in this complaint, it was a fundamental policy of the State of

28  California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age,

-18-

1  disability, medical condition, real or perceived, use of medical leave and/or engagement in protected
2  activity.

3       105.   Plaintiff believes and thereon alleges that Plaintiff's age, disability and/or medical
4  condition, real or perceived, use of medical leave, engagement in protected activity with respect to these
5  protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged
6  hereinabove.

7       106.   Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's
8  employment on the basis of age, disability, medical condition, real or perceived, or use of medical leave,
9  Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in
10  protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's
11  damages as stated below.

12       107.   The above said acts of Defendants constitute violations of the Government Code and the
13  public policy of the State of California embodied therein as set forth above.  Defendants violated these
14  laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in
15  retaliation for exercise of protected rights.

16       108.   At all times mentioned in this complaint, it was a fundamental policy of the State of
17  California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use
18  of CFRA leave or in violation of FEHA.

19       109.   Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of
20  CFRA leave or status as a protected member of the class under FEHA was a proximate cause in Plaintiff's
21  damages as stated below.

22       110.   The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated
23  by reference.

24       111.   The foregoing conduct of Defendants individually, or by and through their officers,
25  directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was
26  despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of
27  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights
28

-19-
COMPLAINT FOR DAMAGES

1    such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

2    punitive damages in an amount appropriate to punish or make an example of Defendants.

3

4    

**NINTH CAUSE OF ACTION**

5    **FOR FAILURE TO PAY WAGES DUE**

6    **LABOR CODE §§201, 1182.12, 1194,**

7    **AGAINST ALL DEFENDANTS**

8        112.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as

9    though set forth in full herein.

10       113.    At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and

11    required by 8 Code of Regulations §11090, as set forth hereinabove. As alleged herein, Defendants

12    routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

13    As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of

14    Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.Plaintiff has been deprived

15    of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and

16    refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon,

17    attorneys' fees and costs.

18

19    

**TENTH CAUSE OF ACTION**

20    **FOR FAILURE TO PROVIDE REST BREAKS**

21    **LABOR CODE §§226.7**

22    **AGAINST ALL DEFENDANTS**

23       114.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as

24    though set forth in full herein.

25       115.    Labor Code §226.7 requires an employer to provide every employee with an uninterrupted

26    rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion

27    thereof.

28

-20-

COMPLAINT FOR DAMAGES

116.    In the four years last past, Plaintiff regularly worked in excess of five hours per day and was thereby entitled to take two uninterrupted 10-minute rest periods on each day of work.

117.    Defendants failed and refused to provide Plaintiff with rest periods, and failed to compensate Plaintiff for missed rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001, as follows:

   a.    From approximately June 19, 2017 to September 24, 2019, Plaintiff was deprived of one or more of Plaintiff's statutory 10-minute rest periods on approximately 351 days (3 days per week for 117 weeks).

118.    As alleged herein, Plaintiff is not exempt from the rest break requirements of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001.  Consequently, Plaintiff is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

   a.    From approximately June 19, 2017 to September 30, 2017, Defendants failed to provide Plaintiff with the statutory rest period on approximately 45 separate days. Consequently, Plaintiff is owed one hour of pay at $14.50 for each day, or $652.50, plus interest thereon, for unpaid rest periods.

   b.    From approximately October 1, 2017 to April 30, 2018, Defendants failed to provide Plaintiff with the statutory rest period on approximately 90 separate days.  Consequently, Plaintiff is owed one hour of pay at $14.95 for each day, or $1,345.50, plus interest thereon, for unpaid rest periods.

   c.    From approximately May 1, 2018 to September 24, 2019, Defendants failed to provide Plaintiff with the statutory rest period on approximately 219 separate days.  Consequently, Plaintiff is owed one hour of pay at $15.40 for each day, or $3,372.60, plus interest thereon, for unpaid rest periods.

119.    Thus, the total missed meal and rest period compensation owing Plaintiff for this time period is $5,370.60.

120.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

121.    Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $5,370.60, pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

## ELEVENTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS

## LABOR CODE §§226 ET SEQ.

## AGAINST ALL DEFENDANTS

122.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

123.    Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned.  An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

124.    In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

125.    At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.  For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs.  Not one of the paystubs

-22-
COMPLAINT FOR DAMAGES

1  that Plaintiff received complied with Labor Code §226, and contained almost none of the required
2  information, including hours actually worked.

3      126.    As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

4      127.    This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage,
5  and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in
6  attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled
7  to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating
8  Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting
9  the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to meal
10 period and rest period wages.  For the time periods that Plaintiff was not provided with paystubs at all,
11 Plaintiff's aforementioned injuries are presumed as a matter of law.

12     128.    Plaintiff was paid on a weekly basis, and therefore Defendants violated Labor Code §226
13 throughout Plaintiff's employment.  Consequently, Defendants are liable to Plaintiff for Plaintiff's actual
14 damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

15     129.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages
16 pursuant to Labor Code §226, and other applicable provisions, as well as attorneys' fees and costs.

17
18                        **TWELFTH CAUSE OF ACTION**
19                        **FOR WAITING TIME PENALTIES**
20                          **LABOR CODE §§201-203**
21                          **AGAINST ALL DEFENDANTS**

22     130.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as
23 though set forth in full herein.

24     131.    At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and
25 other compensation due immediately upon termination or within 72 hours of resignation, as required.
26 These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest
27 period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of
28

-23-
COMPLAINT FOR DAMAGES

1    Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-
2    203.

3           132.    As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-
4    203.

5           133.    As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff
6    is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and
7    more than $3,696.00 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of
8    $123.20, inclusive of overtime.

9           134.    Based on Defendants' conduct as alleged herein, Defendants are liable for $3,696.00 in
10   statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys'
11   fees and costs.

12

13                                **THIRTEENTH CAUSE OF ACTION**
14                                **FOR UNFAIR COMPETITION**
15                       **BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**
16                                **AGAINST ALL DEFENDANTS**

17          135.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as
18   though set forth in full herein.

19          136.    Defendants' violations of 8 Code of Regulations §11090, Industrial Welfare Commission
20   Order No. 9-2001, Labor Code §§201-203, 226, 226.7, 1194, and other applicable provisions, as alleged
21   herein, including failure to provide rest breaks, Defendants' failure to provide timely and accurate wage
22   and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination
23   or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff,
24   constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

25          137.    As a result of Defendants' unfair business practices, Defendants have reaped unfair
26   benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be
27   made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

28

COMPLAINT FOR DAMAGES

138.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.      For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.      For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $5,370.60;

3.      For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

4.      For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $3,696.00;

5.      For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

6.      For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

7.      For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

8.      For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

-25-

1         9.      For injunctive relief compelling Defendants to report to federal and state authorities wages

2  earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching

3  funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all

4  this in an amount according to the proof;

5         10.     For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful

6  conduct, and failure to pay wages and other compensation in accordance with the law;

7         11.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor

8  Code and/or any other basis;

9         12.     For post-judgment interest; and

10       13.     For any other relief that is just and proper.

11  DATED:  December 9, 2020           **LAW OFFICES OF RAMIN R. YOUNESSI**

12                                  **A PROFESSIONAL LAW CORPORATION**

13

14                   By: _____

15                       Ramin R. Younessi, Esq.

                           Attorney for Plaintiff

16                       JAMES N. MACK, JR.

17                 **JURY TRIAL DEMANDED**

18      Plaintiff demands trial of all issues by jury.

19  DATED:  December 9, 2020           **LAW OFFICES OF RAMIN R. YOUNESSI**

20                                    **A PROFESSIONAL LAW CORPORATION**

21                   By: _____

22                       Ramin R. Younessi, Esq.

23                       Attorney for Plaintiff

                           JAMES N. MACK, JR.

24

25

26

27

28

-26-

COMPLAINT FOR DAMAGES

# EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles on 12/09/2020 11:40 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk
20STCV47025

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FEDERAL EXPRESS CORPORATION d/b/a FEDEX EXPRESS, a
Delaware corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMES N. MACK, JR., an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>20STCV47025 |
|---|---|

Central District

111 N. Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin R. Younessi, Esq.; 3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90010; (213) 480-6200

| DATE:<br>*(Fecha)* 12/09/2020 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by _____ M. Barel _____ , Deputy<br>*(Secretario)* *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Federal Express Corporation d/b/a FedEx Express, a
Delaware corporation

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# EXHIBIT 3

Electronically FILED by Superior Court of California, County of Los Angeles on 12/09/2020 11:40 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk
20STCV47025

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ramin R. Younessi, Esq. (175020)<br>Law Offices of Ramin R. Younessi, A.P.L.C.<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010<br>TELEPHONE NO.: (213) 480-6200   FAX NO.: (213) 480-6201<br>ATTORNEY FOR *(Name):* Plaintiff: James N. Mack, Jr. | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME:
James N. Mack, Jr. v. Federal Express Corporation d/b/a Fedex Express

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>20STCV47025 |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | Counter   Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✔] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✔] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✔] monetary   b. [✔] nonmonetary; declaratory or injunctive relief   c. [✔] punitive
4. Number of causes of action *(specify):* Thirteen (13)
5. This case [ ] is [✔] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 9, 2020
Ramin R. Younessi, Esq.
_____                                    _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

# EXHIBIT 4

| SHORT TITLE: James N. Mack, Jr. v. Federal Express Corporation d/b/a Fedex | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: James N. Mack, Jr. v. Federal Express Corporation d/b/a Fedex | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|

<table>
<tr><td rowspan="7"><strong>Non-Personal Injury/ Property Damage/ Wrongful Death Tort</strong></td><td>Business Tort (07)</td><td>☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract)</td><td>1, 2, 3</td></tr>
<tr><td>Civil Rights (08)</td><td>☐ A6005 Civil Rights/Discrimination</td><td>1, 2, 3</td></tr>
<tr><td>Defamation (13)</td><td>☐ A6010 Defamation (slander/libel)</td><td>1, 2, 3</td></tr>
<tr><td>Fraud (16)</td><td>☐ A6013 Fraud (no contract)</td><td>1, 2, 3</td></tr>
<tr><td rowspan="2">Professional Negligence (25)</td><td>☐ A6017 Legal Malpractice</td><td>1, 2, 3</td></tr>
<tr><td>☐ A6050 Other Professional Malpractice (not medical or legal)</td><td>1, 2, 3</td></tr>
<tr><td>Other (35)</td><td>☐ A6025 Other Non-Personal Injury/Property Damage tort</td><td>1, 2, 3</td></tr>
<tr><td rowspan="3"><strong>Employment</strong></td><td>Wrongful Termination (36)</td><td>☒ A6037 Wrongful Termination</td><td>1, 2, 3</td></tr>
<tr><td rowspan="2">Other Employment (15)</td><td>☐ A6024 Other Employment Complaint Case</td><td>1, 2, 3</td></tr>
<tr><td>☐ A6109 Labor Commissioner Appeals</td><td>10</td></tr>
<tr><td rowspan="11"><strong>Contract</strong></td><td rowspan="4">Breach of Contract/ Warranty (06) (not insurance)</td><td>☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)</td><td>2, 5</td></tr>
<tr><td>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)</td><td>2, 5</td></tr>
<tr><td>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)</td><td>1, 2, 5</td></tr>
<tr><td>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence)</td><td>1, 2, 5</td></tr>
<tr><td rowspan="3">Collections (09)</td><td>☐ A6002 Collections Case-Seller Plaintiff</td><td>5, 6, 11</td></tr>
<tr><td>☐ A6012 Other Promissory Note/Collections Case</td><td>5, 11</td></tr>
<tr><td>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014)</td><td>5, 6, 11</td></tr>
<tr><td>Insurance Coverage (18)</td><td>☐ A6015 Insurance Coverage (not complex)</td><td>1, 2, 5, 8</td></tr>
<tr><td rowspan="3">Other Contract (37)</td><td>☐ A6009 Contractual Fraud</td><td>1, 2, 3, 5</td></tr>
<tr><td>☐ A6031 Tortious Interference</td><td>1, 2, 3, 5</td></tr>
<tr><td>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence)</td><td>1, 2, 3, 8, 9</td></tr>
<tr><td rowspan="5"><strong>Real Property</strong></td><td>Eminent Domain/Inverse Condemnation (14)</td><td>☐ A7300 Eminent Domain/Condemnation          Number of parcels_____</td><td>2, 6</td></tr>
<tr><td>Wrongful Eviction (33)</td><td>☐ A6023 Wrongful Eviction Case</td><td>2, 6</td></tr>
<tr><td rowspan="3">Other Real Property (26)</td><td>☐ A6018 Mortgage Foreclosure</td><td>2, 6</td></tr>
<tr><td>☐ A6032 Quiet Title</td><td>2, 6</td></tr>
<tr><td>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure)</td><td>2, 6</td></tr>
<tr><td rowspan="4"><strong>Unlawful Detainer</strong></td><td>Unlawful Detainer-Commercial (31)</td><td>☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction)</td><td>6, 11</td></tr>
<tr><td>Unlawful Detainer-Residential (32)</td><td>☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction)</td><td>6, 11</td></tr>
<tr><td>Unlawful Detainer-Post-Foreclosure (34)</td><td>☐ A6020F Unlawful Detainer-Post-Foreclosure</td><td>2, 6, 11</td></tr>
<tr><td>Unlawful Detainer-Drugs (38)</td><td>☐ A6022 Unlawful Detainer-Drugs</td><td>2, 6, 11</td></tr>
</table>

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| James N. Mack, Jr. v. Federal Express Corporation d/b/a Fedex | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**  
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: James N. Mack, Jr. v. Federal Express Corporation d/b/a Fedex | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>5927 Imperial Highway |
|---|---|
| CITY:<br>Los Angeles | STATE: CA | ZIP CODE: 90280 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Stanley Mosk District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: December 9 , 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

# EXHIBIT 5

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) **MANDATORY ELECTRONIC FILING**

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d)  Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3)  **EXEMPT LITIGANTS**

a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4)  **EXEMPT FILINGS**

a)  The following documents shall not be filed electronically:

i)  Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii)  Bonds/Undertaking documents;

iii)  Trial and Evidentiary Hearing Exhibits

iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v)  Documents submitted conditionally under seal.  The actual motion or application shall be electronically filed.  A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b)  Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

2019-GEN-014-00

5)  ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6)  TECHNICAL REQUIREMENTS

a)  Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b)  The table of contents for any filing must be bookmarked.

c)  Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d)  Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

    i)    Depositions;

    ii)   Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)   Transcripts (including excerpts within transcripts);

    v)    Points and Authorities;

    vi)   Citations; and

    vii)  Supporting Briefs.

e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f)  Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g)  Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

---

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

        i) Any printed document required pursuant to a Standing or General Order;

        ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

        iii) Pleadings and motions that include points and authorities;

        iv) Demurrers;

        v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

        vi) Motions for Summary Judgment/Adjudication; and

        vii) Motions to Compel Further Discovery.

    c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

    a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

    b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019 

KEVIN C. BRAZILE
Presiding Judge

7

# EXHIBIT 6

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◈

◈ **Los Angeles County Bar Association
Labor and Employment Law Section**◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◈**Association of Business Trial Lawyers**◈

◈**California Employment Lawyers Association**◈

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | | |
| COURTHOUSE ADDRESS: | | | |
| PLAINTIFF: | | | |
| DEFENDANT: | | | |
| STIPULATION – DISCOVERY RESOLUTION | | CASE NUMBER: | |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

       i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

       ii. Include a brief summary of the dispute and specify the relief requested; and

       iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

       i. Also be filed on the approved form (copy attached);

       ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR PLAINTIFF)

_____
(ATTORNEY FOR DEFENDANT)

_____
(ATTORNEY FOR DEFENDANT)

_____
(ATTORNEY FOR DEFENDANT)

_____
(ATTORNEY FOR _____)

_____
(ATTORNEY FOR _____)

_____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:      FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

# EXHIBIT 7

 **Superior Court of California, County of Los Angeles**



ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.
CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action
with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1



3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website:** http://www.lacourt.org/division/civil/CI0109.aspx
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

# EXHIBIT 8

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/09/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Barel _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV47025 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Michael L. Stern | 62 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/09/2020
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Barel _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/09/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ P. Figueroa _____ Deputy |
| PLAINTIFF/PETITIONER:<br>JAMES N. MACK, JR. | |
| DEFENDANT/RESPONDENT:<br>FEDERAL EXPRESS CORPORATION | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV47025 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Ramin R. Younessi
Law Ofc Ramin R Younessi,A Prof Law Corp
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA 90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/10/2020

By: P. Figueroa
Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT 9

Electronically FILED by Superior Court of California, County of Los Angeles on 02/18/2021 11:39 AM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

THOMAS J. MORAN, Bar No. 278940
thomas.moran@fedex.com
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 340
Irvine, California 92614
Telephone:   949.862.4625
Facsimile:   901.492.5641

Attorney for Defendant, FEDERAL EXPRESS
CORPORATION

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JAMES N. MACK, JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION d/b/a FEDEX EXPRESS, a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | **Case No. 20STCV47025**<br><br>ASSIGNED FOR ALL PURPOSES TO THE HON. JUDGE MICHAEL L. STERN, DEPT. 62<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:  December 9, 2020<br>Trial Date:        Not yet set |

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365                                                1
DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

Defendant FEDERAL EXPRESS CORPORATION ("Defendant"), on behalf of itself, hereby submits its Answer to the Complaint filed by Plaintiff JAMES N. MACK, JR. ("Plaintiff") and responds as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure §431.30(d), Defendant denies, generally and specifically, each and every allegation set forth in Plaintiff's Complaint and each purported cause of action contained therein. Defendant further denies, generally and specifically, that Plaintiff has been damaged in the sums alleged or in any sum at all as a result of the alleged acts, omissions or other conduct of Defendant, its agents, employees or independent contractors, and denies that Plaintiff is entitled to any of the relief sought against Defendant in the Complaint. Defendant further denies it is in any way liable to Plaintiff or that it has acted or failed to act so as to be the legal cause of any damage to Plaintiff.

## AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses. By asserting the defenses, Defendant does not concede that it has the burden of proof as to any affirmative defense asserted below. Defendant does not presently know all the facts concerning the conduct alleged by Plaintiff sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.       As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because it fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

2.       As a separate and distinct affirmative defense, Defendant alleges that each purported

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365                                              2
DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

cause of action set forth in the Plaintiff is barred in whole or in part by the applicable statute(s) of limitation including, but not limited to, the limitations periods contained in California Civil Code of Procedure §§ 335.1, 337, 338(a), 339 and/or 340 and 343, and Government Code §§ 12960 and 12965, as well as any other applicable statute of limitation.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by the equitable doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by the equitable doctrine of unclean hands and California Civil Code § 3517.

### SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

7.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365

3

DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

barred by the equitable doctrine of consent.

### EIGHTH AFFIRMATIVE DEFENSE

**(Plaintiff's Breach of Duties)**

8.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action therein are barred, in whole or in part, by Plaintiff's own breach of duties owed to Defendant under California Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

### NINTH AFFIRMATIVE DEFENSE

**(Employment Expressly Terminable At-Will)**

9.     As a separate and distinct affirmative defense, Defendant alleges the Complaint and each cause of action set forth therein cannot be maintained as Plaintiff was an at-will employee and therefore could be terminated with or without notice and with or without cause at any time pursuant to its express at-will employment policies and California Labor Code section 2922.

### TENTH AFFIRMATIVE DEFENSE

**(Claims Exceed Scope of Administrative Charges)**

10.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because, assuming arguendo that Plaintiff did attempt to exhaust his administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and/or the U.S. Equal Employment Opportunity Commission ("EEOC"), the causes of action asserted in the Complaint exceed the scope of any potential Charges filed with the DFEH and/or EEOC.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Internal Remedies)**

11.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action therein are barred, in whole or in part, by Plaintiff's failure to exhaust appropriate internal remedies and/or grievance procedures.

### TWELFTH AFFIRMATIVE DEFENSE

**(Decision Based on Legitimate Reasons)**

12.     As a separate and distinct affirmative defense, Defendant alleges that it acted

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365                                        4
DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

1   reasonably and in good faith at all times material herein based on all relevant facts and circumstances

2   known at the time and that all actions taken with regard to Plaintiff were taken for lawful, legitimate,

3   non-discriminatory and non-retaliatory business reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Prompt Corrective Action)

13.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because, at all relevant times, Defendant took prompt and appropriate corrective action in response to Plaintiff's workplace concerns, thereby satisfying all legal obligations Defendant had to Plaintiff, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Belief and Justification)

14.     As a separate and affirmative defense, Defendant's actions with respect to the subject matter in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the sole purpose of Defendant to engage in and continue its business activities. By reason thereof, Plaintiff's Complaint is barred, in whole or in part, from recovery on any of the alleged causes of action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

15.     As a separate and affirmative defense, the Complaint, and each purported cause of action contained therein, is barred against Defendant because any unlawful or other wrongful acts of any person(s) employed by Defendant, if any, were outside the scope of his/her authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know or have reason to be aware of such conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Decision Based on Understood Facts after Investigation)

16.     As a separate and affirmative defense, the Complaint is barred by the fact that any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365                                              5
DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

facts as Defendant understood them after a reasonable good faith investigation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Conduct Neither Severe Nor Pervasive)

17.     As a separate and distinct affirmative defense, the alleged acts and/or omissions complained of by Plaintiff do not constitute severe and/or pervasive conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge of Harassment)

18.     As a separate and distinct affirmative defense, to the extent any of the harassment alleged by Plaintiff occurred (and Defendant contends that it did not), Defendant did not know, and could not have reasonably known, about the harassment.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Protected Activity)

19.     As a separate and affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges that Plaintiff's causes of action, and each of them, are barred because he did not engage in any protected activity for which he allegedly was retaliated against.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Knowledge as to Retaliation)

20.     As a separate and affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's purported cause of action for retaliation is barred as Defendant had no knowledge that he was subject to retaliation as alleged in the Complaint. *Wellpoint Health Networks v. Sup. Ct.*, 59 Cal. App. 4th 110 (1997).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Managerial Privilege)

21.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint cannot be maintained because all conduct of Defendant's managers and supervisors, if any, was protected by the managerial privilege and/or otherwise privileged under California law (Civil

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365                                    6

DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

1  Code Section 47, *et seq*.).

2  ## TWENTY-SECOND AFFIRMATIVE DEFENSE

3  ### (After-Acquired Evidence)

4  22.     As a separate and distinct affirmative defense, Defendant alleges that to the extent that

5  during the course of this litigation it acquires any evidence of additional wrongdoing by Plaintiff,

6  which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment

7  or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-

8  acquired evidence shall bar Plaintiff's claims on liability or damages or shall reduce such claims as

9  provided by law.

10  ## TWENTY-THIRD AFFIRMATIVE DEFENSE

11  ### (Same Decision)

12  23.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

13  Complaint and each cause of action set forth therein cannot be maintained against Defendant because,

14  if any unlawful discriminatory or retaliatory motive existed in connection with any employment

15  decision involving Plaintiff, which Defendant denies, any and all claims for damages are nevertheless

16  barred because such employment decision would have been the same even without any such unlawful

17  discriminatory or retaliatory motive.

18  ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

19  ### (Outside Course and Scope)

20  24.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

21  Complaint and each cause of action set forth therein, cannot be maintained because, to the extent that

22  any employees of Defendant took the actions alleged, such actions were committed outside the course

23  and scope of such employees' employment, were not authorized, adopted or ratified by Defendant

24  and/or Defendant did not know of, nor should it have known of, such conduct.

25  ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

26  ### (Emotional Distress Not Intentional)

27  25.     As a separate and distinct affirmative defense, Defendant, by any actions taken towards

28  Plaintiff, did not intend to inflict emotional distress upon him.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365                                          7
DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff Injured By Own Conduct)

26.     As a separate and distinct affirmative defense, Defendant avers that, if Plaintiff suffered any injury or damage, as alleged, to be alleged, or otherwise, that said injury and/or damage was proximately caused or contributed to by his own conduct, including but not limited to carelessness, recklessness, consent, comparative negligence, and/or covenants and conditions on his part to be performed, thereby reducing or barring his claims against Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Emotional Distress Suffered)

27.     As a separate and distinct affirmative defense, Plaintiff has not suffered emotional distress, severe or otherwise.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Alleged Emotional Distress Caused by Outside Factors)

28.     As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff has suffered any emotional distress as alleged in his Complaint, such emotional distress was proximately caused by factors other than Plaintiff's employment, the actions of Defendant and/or anyone acting on Defendant's behalf.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Emotional Distress Damages Unconstitutional)

29.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover emotional distress damages because California's system of emotional distress damages is unconstitutional under *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), as well as the United States and California Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Bad Faith and/or Frivolous Claims)

30.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or his attorneys pursuant to California law including,

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

but not limited to, California Code of Civil Procedure section 128.5 and/or Government Code section 12965(b).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Contributory Acts by Plaintiff)

31.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution or prudence and that the alleged injuries and damages, if any in fact were suffered, were proximately caused and/or contributed to by Plaintiff's own negligent and/or intentional conduct and any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's contributory and/or comparative negligence.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Avoidable Consequences – No Damages)

32.     As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action contained in the Complaint, or some of the causes of action, are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because Defendant exercised reasonable care to prevent and correct promptly any discriminatory or otherwise unlawful behavior including, but not limited to, having in place anti-discrimination and anti-harassment policies; Plaintiff unreasonably failed to take advantage of any preventative and corrective opportunities provided to his by Defendant or to otherwise avoid harm; and Plaintiff's reasonable use of Defendant's procedures would have prevented at least some, if not all, of the purported harm of which Plaintiff now claims. *See State Dept. of Health Svcs. v. Super. Ct. (McGinnis)*, 31 Cal. 4th 1026 (2003); *Burlington Northern Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Pennsylvania State Police v. Suders*, 542 U.S. 129 (2004).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Offset)

33.     As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise be entitled must be offset by any unemployment benefits or other monies or benefits Plaintiff has received or will receive.

/ / /

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365                                              9
DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

34.     As a separate and distinct affirmative defense, Defendant allege that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff has failed to exercise reasonable care to mitigate his damages, if any were suffered, and his right to recover against Defendant should be reduced and/or eliminated by such failure.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Exclusivity of Workers Compensation Statute)

35.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, seeking damages for emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code sections 132a and 3600 *et seq.*, in that: (1) the injuries complained of allegedly occurred when both Plaintiff and Defendant were subject to California Labor Code sections 3600 to 3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to his employment and was acting within the course and scope of his employment; (3) Plaintiff alleges that the injuries were caused by his employment; (4) Plaintiff's employment was covered by workers' compensation; and (5) Defendant paid the entire costs for that coverage. Accordingly, this Court lacks subject matter jurisdiction over said claims.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages Barred)

36.     As a separate and distinct affirmative defense, Defendant alleges that its good faith efforts to prevent discrimination, retaliation, and any other unlawful acts bars any award for punitive damages or exemplary damages as set forth in *Kolstad v. Am. Dental Assn.*, 527 U.S. 526 (1999).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages against Defendants)

37.     As a separate and distinct affirmative defense, Defendant alleges Plaintiff is not entitled to recover punitive or exemplary damages from Defendant for the alleged acts referred to in the Complaint to the extent that said acts, if any, were performed by an employee of Defendant and that

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365                                              10

DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

none of Defendant's officers, directors or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendant's officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Defendant employ said employee with a conscious disregard of the rights or safety of others. CAL. CIV. CODE § 3294.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional in This Action)

38.     As a separate and distinct affirmative defense, Defendant alleges Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages under California law in general and/or any such award under California law as applied to the facts of this specific action would violate Defendants' constitutional rights under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Prejudgment Interest Cannot Be Granted)

39.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### FORTIETH AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient for Attorneys' Fees)

40.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiff has failed to state facts sufficient to entitle his to costs of suit incurred herein and/or an award of attorneys' fees.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365                              11
DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (Standing / Ripeness)

41.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims for wrongful termination and related termination claims are barred because, at the time of filing his complaint, Plaintiff had not been terminated. He thus did not have standing to bring his wrongful termination and related claims, nor were such claims ripe for adjudication.

### FORTY-SECOND AFFIRMATIVE DEFENSE

#### (Meal and Rest Periods Were Authorized, Permitted, and Taken)

42.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred to the extent that Plaintiff did, in fact, take all meal periods or rest breaks to which Plaintiff claims he was entitled throughout his employment. Defendant, at all relevant times, posted the applicable Wage Order and had policies and practices that provided meal periods and authorized and permitted rest periods as required by law.

### FORTY-THIRD AFFIRMATIVE DEFENSE

#### (Itemized Wage and Hour Statements)

43.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred to the extent that Defendant at all times provided Plaintiff with itemized wage and hour statements in compliance with Labor Code section 226.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

#### (Substantial Compliance)

44.     As a separate and distinct affirmative defense, Defendant is informed and believes and thereon alleges the Complaint is barred, in whole or in part, because even assuming *arguendo* that Defendant failed to comply with any provision of the Labor Code, Defendant substantially complied with the Labor Code and/or any applicable Wage Orders and Regulations, thus rendering an award of civil penalties inappropriate under the circumstances.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365                                    12
DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Voluntary Waiver of Meal and Rest Breaks)

45.     As a separate and distinct affirmative defense, Defendant is informed and believes and thereon alleges the Complaint is barred, in whole or in part, because Plaintiff voluntarily waived any offered meal and rest periods and such voluntarily waiver precludes actionable conduct.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (No Constructive Knowledge or Permission)

46.     As a separate and distinct affirmative defense, Defendant is informed and believes and on that basis alleges the Complaint is barred, in whole or in part, because to the extent Plaintiff did not take meal and/or rest breaks, which Defendant denies, Plaintiff did so without permission or the actual or constructive knowledge of Defendant and/or failed to work the requisite number of hours to qualify for a meal and/or rest break(s).

## RESERVATION OF ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses may be warranted and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That judgment be entered in favor of Defendant and against Plaintiff;

2.     That the Complaint herein be dismissed in its entirety with prejudice;

3.     That Defendant be awarded its costs of suit herein;

4.     That Defendant be awarded reasonable attorneys' fees as determined by the Court; and,

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365

13

1       5.     For such other and further relief as the Court may deem just and proper.

2    DATED:  February 18, 2021          Respectfully submitted,

By: _____
Thomas J. Moran
Attorney for Defendant
FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365

14

DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

### *James N. Mack, Jr. v. Federal Express Corporation, et al.*
### LASC Case No. 20STCV47025

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On February 18, 2021, I served the within document(s):

### DEFENDANT FEDERAL EXPRESS CORPORATION'S
### ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

☐ Electronic Service C.C.P. 1010.6(a)-I caused the document(s) listed above to be electronically served upon the address(es) as set forth below.

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

| Ramin R. Younessi, Esq.<br>LAW OFFICES OF RAMIN R. YOUNESSI, APLC<br>3435 Wilshire Blvd., Suite 2200<br>Los Angeles, CA 90010<br>213-480-6200; FAX: 213-480-6201<br>ryounessi@younessilaw.com<br>**Attorney for Plaintiff, JAMES N. MACK, JR.** | |
| --- | --- |

☒ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 18, 2021, at Irvine, California.

Carla Waller

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1453365

15

DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT